## UNITED STATES OF AMERICA *v.* M. OHTA.

### Dated: November 9th, 1901.

1.  Eight hours in any calendar day, limit of service of laborers or
    mechanics on any of the public works of United States or Dis-
    trict of Columbia, except in case of "extraordinary emergency."
2.  Intent shown by commission of prohibited act.
3.  Ignorance of law no excuse; foreigner must obey the laws, which
    he is presumed to know.
4.  "To require"—construction of as used in Statute under which de-
    fendant is prosecuted; "to permit"—ditto.

5. Hearsay evidence; number of witnesses.
6. Asiatic nationality of defendant not to be considered; entitled to same rights in this class of cases as American citizen.
7. Asiatic witnesses.
8. Defendant not relieved from responsibility by showing some one else equally culpable with him.
9. Act need not be proven to have been committed on day named in indictment to warrant conviction.

CRIMINAL LAW. } Indictment under Act of Congress of August 1, 1892, relating "to limitation of hours of daily service of laborers and mechanics employed upon the public works of the United States and District of Columbia."

*J. J. Dunne*, Assistant U. S. District Attorney, for the government.

*Kinney, Ballou & McClanahan*, for defendant.

### CHARGE TO THE JURY.

ESTEE, J.    Gentlemen of the jury:   I instruct you that it is prescribed by an Act of Congress of the United States entitled "An Act relating to the limitation of hours of daily service of laborers and mechanics employed upon the public works of the United States, and of the District of Columbia," passed August 1, 1892, and found in Vol. 27 U. S. Statutes at Large, Page 340, that—

Section 1. "The services or employment of all laborers and mechanics who are now or may hereafter be employed by the Government of the United States, by the District of Columbia, or by any contractor or sub-contractor upon any of the public works of the United States or of the District of Columbia, is hereby limited and restricted to eight hours in any one calendar day, and it shall be unlawful for any officer of the United States Government or of the District of Columbia, or any such

contractor or sub-contractor, whose duty it shall be to employ, direct or control the services of such laborers or mechanics to require or permit any such laborer or mechanic to work more than eight hours in any one calendar day except in case of extraordinary emergency."

It is further provided by Section 2 of the same Act, that—

Section 2. "Any officer or agent of the Government of the United States or of the District of Columbia, or any contractor or sub-contractor whose duty it shall be to employ, direct or control any laborer or mechanic employed upon any of the public works of the United States or of the District of Columbia who shall intentionally violate any provision of this Act, shall be deemed guilty of a misdemeanor, and for each and every such offense shall upon conviction be punished........"

The policy of this Act of Congress is something with which neither the Court nor the jury has anything to do. We are not responsible for it. Congress has seen fit to enact this law and it is obligatory upon all to obey it and enforce it. And we are called upon to do so no matter how much the public service may be prejudiced by such enforcement.

I instruct you, gentlemen of the jury, that the work upon which this defendant was engaged was a public work in the sense referred to in the language of the statute, to-wit: a public building being constructed for the uses and purposes of the government of the United States upon the Naval Station in the City of Honolulu, District of Hawaii.

You are further instructed that the construction of this building upon which this defendant was engaged was not a case of "extraordinary emergency" mentioned in the Statute.

The question of intention, gentlemen, to commit a crime, is to be found upon an examination of the circumstances of each case. If it appear affirmatively that the defendant deliberately

committed a public offense, the law presumes that he knew what the law was, and the question of intent is shown by the commission of the act itself.

Ignorance of the law is no excuse for violation of the law. In order to commit the crime prescribed in the Statute under which this defendant is being prosecuted, there must be an intentional violation of the provisions of the law by the defendant. That is to say, the act must be knowingly or intentionally committed in order to make such an act a crime. But the intention which enters into the offense described in the Act of Congress read to you, is simply an intention to do the act which is prohibited by the Statute and the crime is complete when the act is intentionally done.

Gentlemen of the jury, "to require" is to command, to order, to direct; and if you believe from the evidence, beyond a reasonable doubt, that the defendant herein ordered or commanded or directed any one of the mechanics working upon said public works of the United States under his direction or control, to work more than eight hours in any one calendar day, and that he did so work, then you should find a verdict of guilty.

"To permit," as used in the language of the Statute, is to suffer to be done, to allow or consent to; and if you believe from the evidence, beyond a reasonable doubt, that the defendant herein permitted or suffered to be done or allowed or consented to the doing of more than eight hours' work upon any one calendar day by any one of the mechanics employed under his direction or control, upon the construction of the said building, then you should find the said defendant guilty under the provisions of the Statute.

Gentlemen, you are not to give any consideration to hearsay testimony or evidence. Evidence is called hearsay when its probative force depends in whole or in part upon the competency or credibility of some person other than the witness by whom it is sought to produce it.

You are not to be governed by the number of witnesses in the case on one side or the other; but rather by the character

of their testimony submitted for your consideration. You are to consider not only what the witnesses testified to, but the character of their conduct while testifying, and you are to be the sole judges of their truthfulness. And after giving the defendant in this case the benefit of all reasonable doubts, and after bearing in mind that he is presumed to be innocent until shown to be guilty, you can act by finding such a verdict as to you may seem just.

In trials of this character, an Asiatic is entitled to exactly the same rights that an American citizen is entitled to. So defendant's nationality should have no effect upon your minds in arriving at his guilt or innocence.

A Japanese who is entitled to come here, is entitled to work here, but he, like all other people of every nationality, must obey the laws of this country while here, and which laws he is presumed to know. It is the policy of American law to protect labor and laborers, and so Congress has enacted that eight hours shall constitute a day's work when the laborer is working upon any of the public works of the United States.

You are, gentlemen, to be the sole judges of the facts in this case and of the weight of the testimony given herein; and you are instructed that you are not to consider the fact that any one of the witnesses in this case belongs to an Asiatic race or that he or they is or are a citizen or citizens of Japan.

Every material allegation of the indictment must be proven in this case to justify a conviction; and unless you are convinced from all the testimony in the case, beyond a reasonable doubt, that defendant is guilty, you should find a verdict of acquittal.

You should bear in mind the conduct of the witnesses on the stand, and you have the right, and it is your duty in arriving at the facts in this case, to note any conflict of testimony between the various witnesses who testified in the case on one side or the other, and if possible, you are to harmonize their contradictory statements; but if, after a careful examination of all the testimony, this is found to be impossible, then such contradictory

statements must be taken against the party causing such conflict.

You are further instructed that this defendant cannot relieve himself from responsibility in this case by showing that some one else is equally culpable with himself. If you believe from the evidence that the five Japanese or any number of Japanese with this defendant, did this sub-contract work and that any one of them did work more than eight hours in any one calendar day in doing it, under the direction of the defendant, and that defendant was named as the sub-contractor, and the other five Japanese were not known to the principal contractor as sub-contractors, although among themselves they may have had an arrangement to divide the receipts for doing the work, defendant is not thus relieved from his responsibility in the case as sub-contractor if he knew all the facts in the matter and joined in the said agreement.

And if from all the evidence, and beyond a reasonable doubt, you believe the defendant was a sub-contractor, under the provisions of the Statute, and that in order to relieve himself from responsibility under the law, he combined with five other Japanese to evade the provisions of the law, and that any one of these Japanese worked more than eight hours in any one calendar day, through his requiring them to do so, or permitting or allowing them to do so intentionally, then you should find a verdict of guilty.

I further instruct you that it is not necessary in order to warrant a conviction, that the government should prove that the act complained of was committed on the particular day named in the said indictment, but only that the said act was committed on some day prior to the date of the said indictment.

You are to be the judges whether this building could be constructed according to the specifications accepted by the government, (which specifications have been introduced in evidence) without the knowledge of the terms of said specifications.

I further instruct you that a combination among a few or many persons who combine together for the purpose of avoiding

the effect of a violation of the laws of the United States, is no excuse for such violation of the law by any member of that combination who is being prosecuted therefor.

In order to arrive at a verdict in this case, gentlemen of the jury, either of conviction of or acquittal, your verdict must be unanimous; that is, it must be joined in by all twelve of the jurors. .

Note: To the same effect see *U. S. v. Campbell*, dated November 7, 1901, not reported.